**EDWARD M. ROBINSON (CA Bar 126244)**
**BRIAN A. ROBINSON (CA Bar 333650)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Julie Anne Darrah*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIE ANNE DARRAH, <br><br> Defendant. | Case No. 24-cr-00725-ODW <br><br> **DEFENDANT JULIE ANNE'S DARRAH'S SENTENCING MEMORANDUM;** <br><br> DATE: May 19, 2025 <br> TIME: 9:00 a.m. <br> Courtroom of the <br> Honorable Otis D. Wright II |

## **TABLE OF CONTENTS**

**INTRODUCTION** ...................................................................................................1
**THE PRESENTENCE REPORT AND RECOMMENDATION** ...........................1
**18 U.S.C. § 3553 ANALYSIS** ...............................................................................1
    I.    **NATURE AND CIRCUMSTANCES OF THE OFFENSE**.............................2
    II.   **PERSONAL HISTORY AND CHARACTERISTICS** ...................................2
    III.  **PROMOTE RESPECT FOR THE LAW, PROTECTING THE PUBLIC, AND DETERRENCE** .........................................................................................2
       a.   **Deterrence**.................................................................................................2
    IV.  **POST-OFFENSE REHABILITATION** ........................................................4
    V.   **TYPES OF SENTENCES AVAILABLE** ......................................................4
**CONCLUSION** .......................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Gall v. United States*,
  552 U.S. 38 (2007).................................................................................1, 4

*Kimbrough v. UnitedStates*,
  552 U.S. 85 (2007)......................................................................................1

*Pepper v. United States*,
  562 U.S. 476 (2011)....................................................................................4

*Tapia v. United States*,
  564 U.S. 319 (2011)....................................................................................1

*United State v. Cole*,
  622 F. Supp. 2d 632 (N.D. Ohio 2008) ......................................................3

*United States v. Bryson*,
  229 F.3d 425 (2nd Cir. 2000.) ....................................................................4

*United States v. Rodriquez*,
  527 F.3d 221 (1st Cir. 2008).......................................................................2

**STATUTES**

18 U.S.C. § 3553................................................................................... 1, 2, 4

**OTHER AUTHORITIES**

U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL
  HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES,
  at 15 (2004) ................................................................................................3

# INTRODUCTION

Appearing before this Court is a fifty-two-year-old woman with no criminal history who suffered terrible abuse at the hands of her mother. The aggressive and cruel nature of her mother's abandonment of Ms. Darrah surely had an impact on Ms. Darrah's behavior in this case. As she will tell this Court, her desperate need for maternal affirmance created the opportunity for this crime.

Ms. Darrah is deeply remorseful for her behavior. To try to financially rectify the harm she caused, Ms. Darrah has sold most of her assets in an effort to make restitution to the elderly victims. There is currently $1,027,974.46, at least, set aside for restitution.

## THE PRESENTENCE REPORT AND RECOMMENDATION

Ms. Darrah has no objection to the advisory guideline calculations in the pre-sentence report (PSR). The advisory guideline application recommended in the PSR mirrors the guideline stipulations in the plea agreement where Ms. Darrah waived indictment and pleaded guilty to the one count information. The probation office recommends a downward variance based upon M.s Darrah's tortured childhood. Counsel joins in the basis for the downward variance.

## 18 U.S.C. § 3553 ANALYSIS

18 U.S.C. § 3553(a) requires that a sentencing court impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). The sentencing factors, which must be analyzed against the parsimony clause of 18 U.S.C. § 3553(a), represent the major sentencing considerations of "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 564 U.S. 319, 325 (2011). While the Guideline sentencing range is a "starting point and initial benchmark," the Guidelines are not the sole, nor even the first among the factors that Congress has commanded the court to apply pursuant to Section 3553(a). *Gall v. United States*, 552 U.S. 38, 49 (2007). Instead, in reaching a decision on what constitutes an appropriate sentence, the district

court should "consider all relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (emphasis supplied.)

## I.   NATURE AND CIRCUMSTANCES OF THE OFFENSE

Ms. Darrah has acknowledged and taken responsibility for the serious nature and circumstances of her offense. Her extraordinary efforts to make restitution are consistent with her deep shame and her desire to rectify the harm she caused.

## II.   PERSONAL HISTORY AND CHARACTERISTICS

As set forth in the recommendation letter from probation as well as the Offender Characteristic section of the PSR paras. 88-98. Ms. Darrah has compelling mitigating personal history and characteristics. As a child, Ms. Darrah's mother resented her. Her mother's choosing alcohol and men over her, highlighted by the cruelty and abandonment certainly affected Ms. Darrah and had some causal connection to this case.

## III.   PROMOTE RESPECT FOR THE LAW, PROTECTING THE PUBLIC, AND DETERRENCE

A sentence of thirty-six months would be sufficient to promote respect for the law, to protect the public from further crimes of Ms. Darrah, and to afford adequate deterrence to criminal conduct. This sentence reflects the serious nature of the offense, while acknowledging the mitigating circumstances of Ms. Darrah's life and her acceptance of responsibility and fruitful efforts to make restitution.

### a.   Deterrence

18 U.S.C. § 3553(a)(2)(B) requires that the Court consider the need for the sentence imposed to afford adequate deterrence to criminal conduct. While this Court must consider both general and individual deterrence, two very important examinations of the concepts must be considered. First, the anecdotal notion that longer sentences have a greater general deterrent effect is belied by empirical and academic findings. The United States Sentencing Commission has found that "[t]here is no correlation

between recidivism and Guidelines' offense level. Whether an offender has a low or high Guideline offense level, recidivism rates are similar. While surprising at first glance, this finding should be expected. The Guidelines' offense level is not intended or designed to predict recidivism." *See* U.S. SENTENCING COMM'N, MEASURING RECIDIVISM: THE CRIMINAL HISTORY COMPUTATION OF THE FEDERAL SENTENCING GUIDELINES, at 15 (2004). To sentence Ms. Darrah to more than thirty-six months to deter the community is unnecessary and misguided.

The second, and more relevant consideration deals with the ethical tension between general and individual deterrence. It is not right, given the individualized nature of sentencing, to imprison Ms. Darrah to set an example for others. As the district court stated in *United State v. Cole*, 622 F. Supp. 2d 632 (N.D. Ohio 2008), "[g]eneral deterrence uses a utilitarian calculation, subjecting defendants to longer periods of incarceration than retribution requires to 'send a message' to other potential offenders. Inherent in this general deterrence calculation is a tension between individual dignity and societal good, begging the question: Is it ethical to impose a greater-than necessary punishment upon an individual criminal defendant to protect society at large?" To make an example out of Ms. Darrah, based upon a misguided notion that others would not commit similar crimes if she were sentenced to a guideline prison term is contrary to the individualized sentencing requirements resurrected post-*Booker* and calls into question the ethics of this type of sentencing as identified by the district court in *Cole*. This is particularly true given the Supreme Court's clarion call to look at the defendant as he stands before the Court on the day of sentencing.

Ms. Darrah has made great strides in turning her life around. Using her sentence to make an example of her would send the wrong message. It would not serve as a deterrent to others if post-offense rehabilitation were not relevant in the sentencing calculus. A longer sentence than probation is contrary to the individualized sentencing resurrected post -*Booker* and confirmed in *Tapia*.

3

## IV. POST-OFFENSE REHABILITATION

"[A] court's duty is always to sentence the defendant as [s]he stands before the court on the day of sentencing." *Pepper v. United States*, 562 U.S. 476, 492 (2011); *quoting United States v. Bryson*, 229 F.3d 425, 426 (2nd Cir. 2000.) By accepting responsibility for her conduct and being expeditious in her attempts at making restitution, Ms. Darrah has demonstrated a tremendous amount of post-offense rehabilitation. As set forth above, there is currently $1,027,974.46 set aside for restitution for the victims. This is not all. Ms. Darrah has sold assets and is intending on selling even more assets in her efforts to make restitution. These efforts, combined with her early acceptance of responsibility, warrant a significant downward variance.

## V. TYPES OF SENTENCES AVAILABLE

18 U.S.C. § 3553(a)(3) directs the Courts to consider "the kinds of sentences available" even if the "kinds of sentences established [by] the Guidelines permit or encourage only prison." *Gall*, 552 U.S. at 59 n.4. Thirty-six months in custody with a term of supervision is available for Ms. Darrah. This 'kind' of sentence would reflect the seriousness of the offense.

## CONCLUSION

For the reasons set forth above, as well as those set forth in the record of this case, counsel for Ms. Darrah respectfully requests that this Court sentence her to a term of thirty-six months with supervision to follow.

DATED: May 5, 2025            Respectfully submitted,

 */s/ Edward M. Robinson*
Edward M. Robinson
Brian A. Robinson
Attorneys for Defendant
*Julie Anne Darrah*